[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks damages from the City of New Haven alleging negligence in that "the sidewalk was broken and raised and there were broken bricks at the base of a tree caused by the roots of said tree."
Actually, the plaintiff offered evidence to show that the sidewalk itself was not defective, but that the tree pit which occupied a portion of the sidewalk area caused her to fall.
The total sidewalk area consisted of two large concrete lanes. The lane closest to the street contained the tree pit, which took up about two thirds of that lane. The growth of the tree roots had caused the bricks lining this tree pit to tilt upward and some were loose. CT Page 4879
The plaintiff had a clear view of the area in question and nothing prevented her from passing on the left travel lane and one third of the right lane. She proceeded to walk along the edge of or onto the brick paved area of the tree pit and suffered injuries when she fell, first "catching her right foot on a brick."
The City is not obligated to provide perfect sidewalks and in this case there was a substantial travel area which was free of defects.
The plaintiff had no explanation for why she wound up in the tree pit area when that was open and obvious to her. She had a duty to use due care. The defendant offered evidence that the tree pit areas are not designed for travel.
While this case presents a truly sympathetic plaintiff who has been seriously injured, under the facts elicited she cannot prevail. Further, the plaintiff has offered no case law which suggests that the tree pit area can be considered a sidewalk defect in view of the purpose it serves.
Judgment may enter for the defendant.
Anthony V. DeMayo State Trial Referee